[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION AND ORDERS RE PLAINTIFF'S MOTION FOR CONTEMPT AS TO ALLEGED NON-PAYMENT OF ALIMONY: AND DEFENDANT'S MOTION FOR MODIFICATION
Plaintiff Marla Champagne has filed a Motion for Contempt in support of her claim that defendant Rene Champagne has failed to pay alimony in accordance with the terms of their March 18, 1999 agreement. The defendant argues that the agreement is unclear as to his payment obligations. Furthermore, the defendant, asserting a substantial change in circumstances, has filed a Motion to Modify Alimony. The parties filed financial affidavits, and testified relative to the pending motions.
 BACKGROUND INFORMATION CT Page 14178
The parties were divorced on January 4, 1993. Incorporated into the judgment is the following provision as to alimony, as set out in Article V of the parties written agreement:
 Commencing on January 1, 1993, the husband shall pay to the wife as alimony the sum of One ($1.00) per year until the first of the following events shall occur: the death of either party, the wife's remarriage, or until his obligation to pay child support is terminated. The alimony shall be non-modifiable as to term and shall be modifiable as to amount only in the event the child support payments . . . are reduced for any reason, but in no event shall the total of alimony and child support exceed the child support provided herein.
On December 10, 1998, the court approved the parties' agreement allowing the two minor children, Randy, born December 6, 1983, and Christine, born June 29, 1988, to reside with their father. Acting pursuant to plaintiff Marla Champagne's Motion to Modify Alimony, the amount of the alimony obligation was increased by the court on December 30, 1998. The court found that there was a substantial change in her circumstances — namely, a disability resultant from cancer and related surgical treatments. The court found that the plaintiff derived income of only $200 per week in seamstress work, and that she needed an increase in alimony. The court modified the alimony to $1,200 per month for a period of four years. The court order provided further that at the end of the four-year period, the amount of alimony would be reduced to $800 per month until minor child Christine reaches the age of majority. On February 1, 1999, the parties entered into an agreement, approved by the court, making this December 30, 1998 alimony order retroactive to September 15, 1998.
On February 16, 1999, defendant Rene Champagne filed an appeal of the December 30, 1998, order, modifying his alimony obligation. On March 18, 1999 the parties entered into the following written agreement in settlement of the appeal:
 The appellant/defendant shall pay to the appellee/plaintiff the sum of $3,000 on or before 3/24/99; the sum of $600 shall be paid from defendant to plaintiff, commencing April 15, 1999, until January 15, 2000, at which time defendant shall pay the sum of $400 CT Page 14179 per month alimony to plaintiff, until minor child, Christine, attains the age of 18.
 The plaintiff claims an additional sum for alimony for time period of Dec. — March 1999 of $1800. The defendant claims set off for monies paid Sept., Oct., Nov. 1988. The parties agree to review the court file regarding retroactivity of alimony support.
The court approved this agreement and entered it as a court order on March 22, 1999.
 I. PLAINTIFF MARLA CHAMPAGNE'S MOTION FOR CONTEMPT
In her motion for contempt, filed on June 29, 1999, plaintiff Marla Champagne claims that defendant Rene Champagne has willfully failed to pay the alimony order of $600 per month for the months of May 1999 through October 1999. The defendant argues that the plain language of their agreement provides that only $600 should be paid between April 15, 1999 and January 15, 2000, not $600 per month. The plaintiff urges the court to accept the interpretation of their language as meaning $600 per month. The court agrees with the plaintiffs interpretation — one which the structure of the language (namely, an amount commencing on a monthly interval and continuing until another monthly interval) should not have escaped the defendant's early notice.
Accordingly, the court finds that the defendant failed to pay alimony in the amount of $600 for the months of May though October 1999. For reasons set out in part III of this Memorandum, the court finds an alimony arrearage of $2,400.
 III. THE DEFENDANT'S MOTION TO MODIFY ALIMONY
On September 1, 1999, defendant Rene Champagne filed a motion to modify his alimony obligation. In the motion the defendant asserts that he is disabled and earning no income from his business. Defendant Rene Champagne is a Chiropractor.
The court finds that defendant Rene Champagne is suffering from a severe cancerous condition and, in part because of debilitating, but necessary chemotherapy treatments his ability to treat numerous chiropractic patients has been significantly diminished. The court finds that this diminished capacity has a significantly negative impact upon his income. In view of the CT Page 14180 defendant's health problems and his reduced earning capacity, the court finds it appropriate to lower his alimony payments.
Accordingly, defendant Rene Champagne's Motion to Modify Alimony is granted. The new alimony order is $200 per month, payable on the first day of each month, retroactive to September 1, 1999.
 IV. COUNSEL FEES AND PAYMENT ON ARREARAGE
A. Counsel Fees
The court awards to the plaintiff counsel fees in the amount of $1,000. The court orders that the defendant pay said fees at least at the rate of at least $25.00 per week, commencing on October 29, 1999.
B. Alimony Arrearage
The court orders that the defendant pay the alimony arrearage at the rate of at least $10.00 per week, commencing on October 29, 1999.
Clarance J. Jones, Judge